UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNDRAY KNIGHTEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 2:19-cv-00253-JRS-DLP |
| LISA WOLFE, | ) ) ) | |
| Defendant. | ) ) | |

**ENTRY SCREENING COMPLAINT, DISCUSSING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING FURTHER PROCEEDINGS**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. This action began when Chief Judge Magnus Stinson severed one claim from a pleading Mr. Knighten filed in case number 2:19-cv-00229-JMS-DLP. *See* dkt. 1. That pleading was filed as the complaint in this action, but nearly the entire complaint concerned the claims proceeding in the other case. *See* dkt. 2. Mr. Knighten was given until July 5, 2019, to file an amended complaint that discussed only his claims concerning delays in receiving his medication. *See* dkt. 7. The plaintiff failed to file an amended complaint by the July 5, 2019 deadline. The Court granted the plaintiff another opportunity to file an amended complaint by September 3, 2019. *See* dkt. 9.

On September 4, 2019, the plaintiff filed an amended complaint that is similar in all respects to the original complaint. However, the Court will screen the plaintiff's complaint for claims related to Ms. Wolfe.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendant. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

The plaintiff alleges that Nurse Wolfe was deliberately indifferent to the plaintiff's medical needs when she delayed ordering his medication each month, requiring the plaintiff to file regular grievances. Dkt. 14 at 13, 14. The plaintiff seeks monetary relief.

The constitutional provision implicated by the plaintiff's claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate

indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

Applying the screening standard to the factual allegations in the complaint, the plaintiff's Eighth Amendment deliberate indifference claim against Ms. Wolfe **shall proceed**.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Wolfe in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 14), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

2. On September 4, 2019, the plaintiff also filed a motion for temporary restraining order and preliminary injunction. *See* dkt. 10. The plaintiff's motion is dated May 24, 2019, and the plaintiff asks to be transferred from the Wabash Valley Correctional Facility to the Indiana State Prison. The requested relief was granted in case number 2:19-cv-00229-JMS-DLP. For the foregoing reasons, the plaintiff's motion for temporary restraining order and preliminary injunction, dkt. [10], is **denied as moot.**

3. The plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [15] is **denied as moot** because the relief sought was previously granted. *See* dkt. 15.

**IT IS SO ORDERED**.

Date: 9/6/2019

*[signature: James R. Sweeney]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

UNDRAY KNIGHTEN
111206
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only


Nurse Wolfe
Wabash Valley Correctional Facility
6908 S. OLD U.S. HIGHWAY 41
CARLSILE, INDIANA  47838

Courtesy copy to:

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204